IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHEENA WAGNER, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:20-cv-3014 ) |
| v. | ) ) Jury Trial Demanded |
| SPEEDWAY LLC, | ) ) |
| Defendant. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Atheena Wagner ("Plaintiff" or "Wagner") individually and on behalf of all other similarly-situated employees (the "Class"), by and through her attorneys, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendant Speedway LLC ("Speedway" or "Defendant"), its subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters upon information and belief, and based upon the investigation by her counsel, as follows:

## NATURE OF THE ACTION

1. Defendant Speedway LLC is based in Enon, Ohio and operates gas stations and convenience stores in Illinois and throughout the United States.

2. This action arises out of Speedway's systematic, company-wide policy of wrongfully classifying Plaintiff and other similarly-situated General Managers or similarly-titled

positions (collectively, "GMS"), as exempt from the overtime compensation requirements of the FLSA and IMWL.

3. During the relevant statutory period, Speedway has maintained a corporate policy and practice of [mis]classifying its GMs as exempt from overtime requirements, despite the fact that they spent the majority of their time working alone (or with one other employee) and almost all of their time performing non-managerial tasks as other hourly-paid employees.

4. Accordingly, Defendant is liable for its failure to pay overtime compensation to Plaintiff and other similarly-situated employees for time worked in excess of 40 hours in given workweeks in violation of the FLSA and IMWL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

9. Representative Plaintiff Atheena Wagner is a resident of Illinois who has worked for Defendant as a non-exempt GM during the applicable statute of limitations period and was not compensated for all hours worked, including overtime compensation for all hours worked over forty (40) in given workweeks.

10. At all relevant times, Atheena Wagner was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL, 820 ILCS § 105/3(d).

11. At all relevant times, Speedway LLC is a Delaware limited liability company with its corporate headquarters in Enon, Ohio.

12. At all relevant times, Speedway was an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS § 105/3(c).

13. Defendant is covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C. § 203(1)(A). Defendant has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL BACKGROUND

14. Plaintiff, like those she seeks to represent, is an individual who works or had worked for Defendant as a GM, or any other similarly-titled position during the statutory period. Speedway maintains a GM position at all Speedway store locations. Plaintiff and putative class members all shared similar job titles, training, job descriptions, job requirements, and compensation plans, among other things.

15. Plaintiff worked as a GM at numerous Speedway locations throughout the State of Illinois from approximately 2017 through March 2019.

16. Defendant managed Plaintiff's and putative class members' work, including the number of hours they worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

17. Plaintiff and others similarly situated were [mis]classified by Defendant as exempt from overtime under the FLSA and IMWL and were paid on a salary-basis. Plaintiff's annual salary was approximately $27,000.00.

18. General Managers, including Plaintiff, were required to work a minimum of fifty (50) hours each workweek, regularly working between fifty-five (55) and sixty-five (65) hours each week. Despite regularly working over forty hours each week, all GMs were denied overtime compensation (*i.e.*, one and one-half times their regular rate).

19. Despite the title of "manager," Plaintiff and other similarly-situated GMs generally worked alone or with only one other employee in the store.

20. Plaintiff's and other similarly-situated GMs' primary duties consisted of the same non-managerial responsibilities of the hourly employees at their stores including but not necessarily limited to: running the cash register; cleaning the bathrooms; cleaning the store; stocking shelves; stocking the cooler; unloading the trucks; taking out trash; and, preparing and cooking food.

21. Defendant failed to pay Plaintiff and those similarly situated for all overtime hours actually worked at a rate of 1.5 times their regular rate of pay.

22. Defendant suffered and permitted Plaintiff and putative class members to work more than forty (40) hours per week without overtime pay.

23. Defendant did not keep accurate records of all the hours worked by GMs.

24. Defendant knew and was aware at all times of the above-mentioned violations.

25. The conduct alleged above reduced Defendant's labor and payroll costs.

26. Plaintiff and others similarly situated were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and putative class members in accordance with the requirements of the FLSA and IMWL, Plaintiff and putative class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

28. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly-situated employees:

> All individuals who were employed or are currently employed by the Defendant as a General Manager, or any other similarly-titled position, during the applicable statute of limitations period, and who were not properly paid for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

29. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked for Defendant as a GM during the relevant period and was routinely required, suffered, or permitted to work more than forty (40) hours per week without overtime compensation.

30. This action is properly maintained as a collective action because the representative Plaintiff is similarly situated to the members of the FLSA Collective with respect to their job titles, job duties, and compensation plan, and are all subject to a common practice, policy, or plan in which Defendant suffered and permitted them to perform work for its benefit in excess of forty (40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

5

31. Defendant knew or should have known that it had misclassified the members of the FLSA Collective as exempt.

32. Defendant knew or should have known that the members of the FLSA Collective worked in excess of forty (40) hours in given workweeks.

33. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

34. Defendant is liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

35. Upon information and belief, Plaintiff estimates there are hundreds of similarly-situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

36. The precise number of members of the FLSA Collective can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

## IMWL CLASS ALLEGATIONS

37. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Representative Plaintiff Atheena Wagner brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq.*, to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory

penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the IMWL.

38. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per week. The IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of triple the amount of underpayment plus 5% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

39. Plaintiff seeks class certification under Rule 23 for the following class of similarly situated employees under the IMWL:

> All individuals who were employed or are currently employed by the Defendant as a General Manager, or any other similarly-titled position, in the state of Illinois at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not properly paid for time worked in excess of 40 hours in given workweeks (the "IMWL Class").

40. This action is properly maintainable as a class action under Rule 23(a) and Rule 23(b) because:

    a. The IMWL Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

    c. The claims of the Representative Plaintiff are typical of the claims of the IMWL Class; and,

    d. The Representative Plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

41. The total number of putative class members is well in excess of 100 individuals. The exact number of putative class members may be determined from Defendant's payroll and personnel records.

**Commonality**

42. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the putative class in that Plaintiff and all members of the putative class have been harmed by Defendant's failure to compensate current and former GMs for all time worked in excess of 40 hours in given workweeks. The common questions of law and fact include but are not limited to the following:

   a. Whether Defendant can meet its burden of proving it properly classified Plaintiff and putative class members as exempt from the overtime requirements;

   b. Whether Defendant failed to compensate Plaintiff and putative class members for all the work they encouraged, suffered, or permitted them to perform;

   c. Whether Defendant failed to keep true and accurate time records for all hours worked by the Plaintiff and putative class members; and

   d. Whether Plaintiff and putative class members suffered damages and the proper measure of those damages.

43. Plaintiff anticipates that Defendant will raise defenses that are common to the putative class.

**Adequacy**

44. The Representative Plaintiff will fairly and adequately protect the interests of the putative class, and there are no known conflicts of interest between Plaintiff and putative class members. Plaintiff, moreover, has retained experienced counsel that are competent in the

8

prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

### **Typicality**

45. The claims asserted by the Representative Plaintiff are typical of the putative class members she seeks to represent. The Representative Plaintiff has the same interests and has suffered from the same unlawful practices as the putative class members.

46. Upon information and belief, there are no other putative class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### **Common Questions of Law and Fact Predominate and a Class Action is Superiority to Joinder of Claims or Individual Lawsuits**

47. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

48. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of

individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Unpaid Overtime Wages)

49. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

50. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

51. Plaintiff and the members of the FLSA Collective are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

52. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

53. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

54. Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of forty (40) hours per week, but were not paid an overtime premium of one and one-half times their regular rate for those additional hours.

55. Plaintiff and members of the FLSA Collective are not subject to any exemption.

56. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

57. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. Defendant failed to create or maintain accurate records of the time Plaintiff and the members of the FLSA Collective worked in violation of the FLSA, 29 U.S.C. § 211(c).

59. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of forty (40) hours per week from which Defendant derived a direct and substantial benefit.

60. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF ILLINOIS MINIMUM WAGE LAW
#### (Unpaid Overtime wages)

61. Plaintiff incorporates by reference all preceding paragraphs.

62. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

63. Defendant is an "employer" and Representative Plaintiff and the putative IMWL Class are "employees" under the IMWL, 820 ILCS § 105 *et seq*.

64. The IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per work week. The IMWL provides that employers who violate the provisions of this Act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of triple the amount of underpayment plus 5% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

65. Defendant engaged in a widespread pattern and practice of violating the IMWL by failing to compensate Plaintiff and similarly-situated employees for all time worked over forty hours each workweek, thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

66. Plaintiff and members of the Class are not subject to any exemption.

67. Defendant failed to create or maintain accurate records of the time Plaintiff and the IMWL Class members worked in violation of the IMWL, 820 ILCS § 105/8.

68. As a result of Defendant's violations of the IMWL, Plaintiff and the IMWL Class have suffered and will continue to suffer a loss of income and other damages.

69. As a result of Defendant's unlawful acts, it is liable to Plaintiff and other putative class members for actual damages, including triple the amount of underpayment plus 5% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, as well as reasonable attorneys' fees, costs, and expenses.

70. Plaintiff and other putative class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of the IMWL, and other appropriate class-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiff Atheena Wagner, individually and on behalf of all others similarly situated, by and through her attorneys, demand judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, addresses, and e-mail addresses of all GMs or any other similarly-titled position who have worked for the Defendant within the last three years;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

D. Certify a class action under Count II;

E. Appoint Stephan Zouras, LLP as counsel for the IMWL Class under Rule 23(g);

F. Declare and find that Defendant committed one or more of the following acts:

   i. Violated the overtime provisions of the FLSA by misclassifying Plaintiff and similarly-situated employees who opt-in to this action as exempt from the overtime compensation;

   ii. Willfully violated provisions of the FLSA; and

   iii. Violated the overtime provisions of the IMWL by misclassifying Plaintiff and the IMWL Class as exempt from the overtime compensation.

G. Awarding compensatory damages, including all pay owed, in an amount according to proof under the FLSA and IMWL;

H. Award triple the amount of underpayment plus 5% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments until it is paid under the IMWL;

I. Award pre-judgment interest on all compensatory damages due;

J. Award liquidated damages in the amount equal to the amount of unpaid overtime compensation found due under the FLSA;

K. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

L. Grant leave to amend to add claims under applicable state and federal laws;

M. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

N. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 20, 2020                    Respectfully Submitted,

*/s/ Andrew C. Ficzko*
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312-233-1550
312-233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFF**