UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHEENA WAGNER, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 20 C 3014 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| SPEEDWAY LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court, in its discretion, grants defendant's motion to stay pending resolution of *DaRosa v. Speedway LLC*, No. 19-cv-10791 (D. Mass. Apr. 22, 2019) [18]. The parties are instructed to file a status report once the District Court of Massachusetts decides *DaRosa*.

**Background**

This case concerns defendant Speedway LLC misclassifying general managers as exempt employees to avoid paying them overtime wages. Plaintiff Atheena Wagner, a general manager at a Speedway in Illinois, filed a putative class action suit against defendant for violating the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL"). Plaintiff alleged that although her duties and those of other general managers were non-supervisory and the same as hourly employees, defendant misclassified them as managers. Compl. ¶ 20. Plaintiff further alleged that defendant required her and other employees to work more than 40 hours a week, but did not pay them overtime wages. Compl. ¶ 21. Defendant filed a motion to stay pending resolution of an earlier-filed related suit in Massachusetts, *DaRosa v. Speedway LLC.,* 19-cv-10791 (D. Mass. Apr. 22, 2019). The original complaint in *DaRosa*, which is also a class action by current and former general managers at Speedway, alleged violations of FLSA and the Massachusetts Minimum Fair Wages Act.

1

Dkt. 20. The *DaRosa* complaint was amended on August 31, 2020, after Wagner filed her opposition to a stay in this case, to include class members from Illinois who also allege IMWL violations by Speedway. Dkt. 23-1.

**Legal Standard**

District courts have the inherent authority to control their own docket. *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). The Court may stay a suit that is duplicative of a parallel action already pending in another federal court. *Serlin v. Andersen Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *see also Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *2 (N.D. Ill. Jan. 4, 2017) (Pallmeyer, J.). An action is duplicative if the claims, parties, and available relief do not significantly differ between the two actions. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 889 (7th Cir. 2012) (internal citation omitted). When faced with duplicative actions, the forum where the action was first filed is generally favored. *Nationwide Affordable Hous. Fund 4, LLC v. Urb. 8 Danville Corp.*, No. 19 C 07259, 2020 WL 2836795, at *2 (N.D. Ill. June 1, 2020) (Rowland, J.). Courts consider whether the stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (Dow, J.).

**Analysis**

First, the Court analyzes whether this action is duplicative of *DaRosa*. The amended *DaRosa* complaint alleges violation of the FLSA and various state minimum wage laws, including IMWL, on behalf of current and former General Managers at Speedway. *See generally* Dkt. 23-1. The *DaRosa* class alleges that they were misclassified and not paid overtime for their work. *Id.* Similarly, plaintiff here alleges she and others like her were misclassified and not paid overtime for her work. Compl. ¶¶19-22. Plaintiff admits that both lawsuits concern the same Speedway policy of misclassifying

2

employees to avoid paying them overtime and that both sets of plaintiffs seek to recover unpaid wages. Dkt. 22, pg. 1-2. Much of plaintiff's opposition to the stay rests on her argument that the suits are not duplicative because this case includes an IMWL claim. However, the *DaRosa* complaint was amended to include an IMWL claim and an Illinois class. The Illinois representative alleges the same IMWL claims as plaintiff does here. *See* Dkt. 23-1, pg. 9; *see also* Dkt. 1, pg. 12. Given that the *DaRosa* complaint now includes the exact same FLSA and IMWL claims and seeks the same relief, this action is duplicative.

Next, the Court turns to the factors in deciding whether to enter a stay. Plaintiff's arguments on each of the three factors rest on the lack of IMWL claims in the *DaRosa* complaint. Since the *DaRosa* complaint now includes IMWL claims, plaintiff's arguments necessarily fail. Plaintiff will not be unduly prejudiced by the District Court of Massachusetts resolving the same FLSA and IMWL claims she presents here. Further, a stay will simplify the issues in question and streamline the trial because of the significant, if not total, overlap between the claims here and the claims in *DaRosa*. Finally, a stay will reduce the burden of litigation on the parties and on this Court. Staying this action will prevent all parties from litigating identical claims in different forums and will allow for judicial expediency, efficiency, and consistency.

**Conclusion**

For these reasons, this Court grants defendant's motion to stay.

IT IS SO ORDERED.

Date: 3/30/2021                                Entered: _____
                                               SHARON JOHNSON COLEMAN
                                               United States District Judge